UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MORE MUSA BALDEH #A205-451-792,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-01578<br>SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| JODY FLOYD,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner More Musa Baldeh ("Baldeh"). Baldeh is a detainee in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"), detained at Winn Correctional Center in Winnfield, Louisiana. ECF No. 1. Baldeh claims that his continued detention is unlawful.

Because the allegations do not entitle Baldeh to release, the § 2241 Petition (ECF No. 1) should be DENIED and DISMISSED.

I. **Background**

Baldeh is a native and citizen of The Gambia. ECF. No. 1-2 at 2. Baldeh alleges that he has been in post-removal order detention for more than six months, and his removal is unlikely to occur in the reasonably foreseeable future. ECF No. 1.

1

Baldeh was ordered to amend his Petition allege why his removal was unlikely to occur in the reasonably foreseeable future. ECF No. 7. The Amended Petition was due by September 1, 2021. *Id.* To date, no Amended Petition has been filed.

## II.  Law and Analysis

Under *Zadvydas v. Davis*, 533 U.S. 678 (2001), it is presumptively constitutional for an immigration detainee to be detained six months past the 90-day removal period following a final order of removal. *Zadvydas*, 533 U.S. at 701. After the expiration of the six-month period, a detainee may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Agyei–Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011). Not every detainee in custody will be entitled to automatic release after the expiration of the six-month period.

In *Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006), the United States Court of Appeals for the Fifth Circuit reiterated that the Supreme Court's holding in *Zadvydas* creates no specific limits on detention. In fact, a detainee may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 543 (citing *Zadvydas*, 533 U.S. at 701). The detainee bears the initial burden of proof to show that no such likelihood of removal exists. *Id.* And the detainee must offer more than conclusory statements to support his claim. *Id.*

Baldeh alleges that he has been in post-removal detention for over six months, but he does not allege any reason why his removal is unlikely to occur in the

reasonably foreseeable future. Baldeh was afforded the opportunity to amend his Petition to allege whether he has complied with removal efforts and whether a travel document has been issued. Baldeh failed to respond. The vague and conclusory allegations presented in the Petition are insufficient to meet Baldeh's burden under *Andrade* and *Zadvydas.*

Moreover, a district court may dismiss an action for the petitioner's failure to prosecute or to comply with any order. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Baldeh has failed to comply with the Court's Order (ECF No. 7) to amend his Petition, and he has not requested an extension of time within which to comply. Thus, his Petition is also subject to dismissal under Rule 41.

### III. Conclusion

Because Baldeh fails to provide factual allegations to support his *Zadvydas* claim, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, September 20, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE